# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. SA-23-CV-01555** |
| | ) | |
| **$8,084,395.29, MORE OR LESS, IN UNITED** | ) | |
| **STATES CURRENCY SEIZED FROM** | ) | |
| **BANK OF AMERICA ACCT #586037101289,** | ) | |
| **IN THE NAME OF DBA CHILD HEALTH** | ) | |
| **AND YOUTH LIFELONG DEVELOPMENT,** | ) | |
| **JANET P. YAMANAKA SOLE PROP** | ) | |
| | ) | |
| **$5,300,175.60, MORE OR LESS, IN UNITED** | ) | |
| **STATES CURRENCY SEIZED FROM** | ) | |
| **BANK OF AMERICA ACCT #488087013292,** | ) | |
| **IN THE NAME OF DBA CHILD HEALTH** | ) | |
| **AND YOUTH LIFELONG DEVELOPMENT,** | ) | |
| **JANET P. YAMANAKA SOLE PROP** | ) | |
| | ) | |
| **$4,078,017.38, MORE OR LESS, IN UNITED** | ) | |
| **STATES CURRENCY SEIZED FROM** | ) | |
| **BANK OF AMERICA ACCT #488072001060,** | ) | |
| **IN THE NAME OF DBA CHILD HEALTH** | ) | |
| **AND YOUTH LIFELONG DEVELOPMENT,** | ) | |
| **JANET P. YAMANAKA SOLE PROP** | ) | |
| | ) | |
| **$429,130.61, MORE OR LESS, IN UNITED** | ) | |
| **STATES CURRENCY SEIZED FROM** | ) | |
| **BANK OF AMERICA ACCT #488073612364,** | ) | |
| **IN THE NAME OF JANET Y. MELLO** | ) | |
| | ) | |
| **$32,194.98, MORE OR LESS, IN UNITED** | ) | |
| **STATES CURRENCY SEIZED FROM** | ) | |
| **BANK OF AMERICA ACCT #586038193911,** | ) | |
| **IN THE NAME OF NO W CATTLE** | ) | |
| **COMPANY, LLC** | ) | |
| | ) | |
| **$209,892.67, MORE OR LESS, IN UNITED** | ) | |
| **STATES CURRENCY SEIZED FROM** | ) | |
| **BANK OF AMERICA ACCT #488118658775,** | ) | |
| **IN THE NAME OF JANET Y. MELLO** | ) | |
| | ) | |
| **Respondents.** | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules Civil Procedure, and respectfully states as follows:

### I.
### NATURE OF THIS ACTION

This action is brought by the United States of America seeking forfeiture to the United States of the following property:

1. $8,084,395.29, More or Less, in United States Currency seized from Bank of America Acct #586037101289, in the name of dba Child Health and Youth Lifelong Development, Janet P. Yamanaka Sole Prop;
2. $5,300,175.60, More or Less, in United States Currency seized from Bank of America Acct #488087013292, in the name of dba Child Health and Youth Lifelong Development, Janet P. Yamanaka Sole Prop;
3. $4,078,017.38, More or Less, in United States Currency seized from Bank of America Acct #488072001060, in the name of dba Child Health and Youth Lifelong Development, Janet P. Yamanaka Sole Prop;
4. $429,130.61, More or Less, in United States Currency seized from Bank of America Acct #488073612364, in the name of Janet Y. Mello;
5. $32,194.98, More or Less, in United States Currency seized from Bank of America Acct #586038193911, in the name of No W Cattle Company, LLC; and
6. $209,892.67, More or Less, in United States Currency seized from Bank of America Acct #488118658775, in the name of Janet Y. Mello;

hereinafter referred to as the Respondent Bank Accounts.

### II.
### JURISDICTION AND VENUE

Under Title 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Bank Accounts under Title 28 U.S.C. §§ 1355(b)(6) and 1395.  Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1)(A)

because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to Title 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Respondent Bank Accounts is found in this district.

## III.
## STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Bank Accounts for violations of Title 18 U.S.C. §§ 1341, 1956, and 1957 which make the properties subject to forfeiture to the United States pursuant to Title 18 U.S.C. § 981(a)(1)(C), which states (with emphasis added):

> **§ 981.  Civil forfeiture**
> **(a)(1)** The following property is subject to forfeiture to the United States:
> ***
> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "*specified unlawful activity*" (as defined in section 1956(c)(7) of this title), or a *conspiracy* to commit such offense.

Mail Fraud is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

Additionally, Title 18 U.S.C. §§ 1956 and 1957 violations are also subject to forfeiture pursuant to Title 18 U.S.C. § 981 (a)(1)(A), which states:

> **§ 981.  Civil forfeiture**
> **(a)(1)** The following property is subject to forfeiture to the United States:
> **(A)** Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 or 1957 . . . or any property traceable to such property.

## IV.
## FACTS IN SUPPORT OF VIOLATIONS
## INTRODUCTION

### A.  Overview

The evidence in this case shows that Mello, through her position with the Army's Child and Youth Services Division (CYS), used her knowledge of funding procedures and her ability to

approve the distribution of funds to various entities to direct funds from CYS program fund accounts to be paid to CHYLD, an entity MELLO formed and controlled. Without disclosing the fact that she owned and controlled CHYLD, MELLO approved the payment of government funds to CHYLD. Despite receiving funds intended for entities that provide child youth services, there is no evidence CHYLD provided any services at all, much less anything resembling child and youth services. Instead, the evidence clearly shows MELLO used over $103,000,000.00 in funds distributed to CHYLD from January 2017 through the present to fund the purchase of high-end retail goods, jewelry, luxury automobiles, air travel, and high-end real estate throughout the country.  In furtherance of this scheme and in an effort to conceal the source of the funds, MELLO transferred the fraud proceeds through various bank accounts she controlled. All the while, MELLO failed to report any of this income on her tax returns for tax years 2017 through 2022.

## B. Background Information

MELLO is a U.S. Government employee of the U.S. Army at Fort Sam Houston (Ft. Sam) in San Antonio, Texas. MELLO served as the Financial Program Manager for Child Youth Services (CYS), Family and Morale, Welfare & Recreation, G-9, Installation Management Command (IMCOM). CYS ensures military-connected youth and families are offered opportunities to enrich their lives.  One of the programs under CYS is the 4-H Military Partnership. This partnership between United States Department of Agriculture (USDA) and the United States Department of the Army focuses on growth and development for military-connected youth and opportunities to gain new knowledge and skills in Citizenship, Healthy Living, and Science. The USDA awarded grants to Land Grant Universities to carry out these 4-H programs objectives. Land Grant Universities can subcontract work under these grants to other vendors.

## C. Normal Payment Process for CYS Programs

Vendors that have completed services for CYS programs will normally submit an invoice requesting payment to CYS. CYS will then review invoice and validate that the services for the CYS programs were provided and complete. CYS then prepares a "Memorandum Thru Chief, Financial Management Division" to request payment for the vendor identified on the invoice and the memorandum communicates the appropriate Military Interdepartmental Purchase Request (MIPR) funding account that will fund the payment.

MELLO is responsible for the financial operations of the child youth programs, and in that role authorizes the distribution of government funds to various entities that provide child and youth development services to military personnel and dependents.  MELLO, using the procedure outlined above, directed Defense Finance and Accounting (DFAS) as to the program from which the funds allocated should be drawn. DFAS, upon receiving the memo requesting payment, prepares the check for the vendor and sends the check via mail or wire.

## D. Mello's Use of the Payment Process to Commit Fraud

As part of the scheme to defraud, MELLO caused requests for payment to be submitted authorizing the distribution of grant funds to CHYLD, which, unbeknownst to DFAS, was owned and controlled by MELLO. The requests for payment instructed DFAS to issue payment to CHYLD through a check sent via private post carrier.

Based on a review of records maintained by DFAS, requests for payment were submitted by IMCOM which listed MELLO as the point of contact for the requests.  MELLO, acting in her official capacity as Funds Manager, certified that the funds were available for payment.  Included as part of the payment request was a Standard Form (SF) 1080, Voucher for Transfers between Appropriations and/or Funds.  DFAS personnel stated this SF 1080 was typically utilized to transfer funds between U.S. Government agencies.  The presence of this form indicated to DFAS

employees processing the payment request that CHYLD was recognized as a governmental entity vendor, allowing payment to CHYLD to be processed without an invoice, as would typically be required for a non-governmental entity.  Also included in the payment request was a memorandum informing DFAS as to the CYS program benefiting from the services rendered by the vendor, instructing the amount to be paid to the vendor, identifying the account out of which payment was to be made, and an instruction as to how the payment was to be made. The memoranda submitted directing payments be made to CHYLD identified MELLO as the point of contact for the request and were digitally signed by MELLO certifying funds were available for payment. These memoranda also directed payments be made to CHYLD via check and that they be shipped to CHYLD via FedEx. From January 2017 through the date of this affidavit, MELLO has received over $100,000,000 in proceeds from this scheme.

Contrary to MELLO's representations, CHYLD provided none of the services indicated in the memoranda submitted to DFAS. Based on records from the Internal Revenue Service (IRS), MELLO is the owner of CHYLD. MELLO requested an Employer Identification Number (EIN) for CHYLD in December 2016, and CHYLD was assigned EIN 81-4588169. MELLO filed a 2017 U.S. Federal Income Tax Return Form 1040 with IRS reporting wages from Department of Defense (DOD). MELLO also filed a Schedule C-EZ: Net Profit From Business (Sch C-EZ). Sch C-EZ is utilized to report Sole Proprietorship income on the Form 1040. MELLO categorized the principal business type as Training Consultant and reported gross receipts for CHYLD of $2,152.00, and reported expenses of $1,669.00, resulting in a net profit of $483.00. MELLO has not filed any subsequent income tax returns for CHYLD on a personal nor a business entity income tax return.

On August 4, 2017, MELLO opened Respondent Bank of America Account 1289 was opened on behalf of CHYLD. MELLO is the sole signer on the account. Based on bank records

received and reviewed by investigators in this case, from January 1, 2022, to April 30, 2023, Respondent Bank of America Account 1289 was utilized to receive funds distributed by DFAS to CHYLD. Each of the payments during this period was authorized by MELLO.  Funds distributed by DFAS to CHYLD make up approximately 97% of deposits into account 1289, with the remaining deposits being credit transfers from various other accounts owned and controlled by MELLO.  Most of the funds deposited into account 1289 were then transferred to additional bank accounts in the name of CHYLD and MELLO at Bank of America, Costal Community Bank, USAA, and Wells Fargo.

Based on subpoenaed records, MELLO opened Wells Fargo account ending in 3105 and 6702 on January 07, 2017, for CHYLD. According to the business account application, Customer Information for CHYLD included Business Phone number (571) 289-6158. The phone number is registered to MELLO, and the carrier is Verizon Wireless

Through this investigation there is no evidence indicating MELLO, either individually or through CHYLD has provided any CYS program services. CHYLD has not filed any income tax returns reporting any gross receipts received from CYS programs. There has been no psychical location identified out of which CHYLD operates. Additionally, nothing has been filed with the State of Texas, the Texas Workforce Commission, or any other state agency indicating MELLO or CHYLD is providing child development services. There are no employees and/or contractors that have reported wages on their own respective tax returns and there has been no wages or contractor pay reported to the IRS listing CHYLD's EIN.

**E. Specific Misrepresentation:**

.      According to the County Clerk of Bexar County, MELLO filed an Assumed Name Certificate with Bexar County Clerk, in San Antonio, Texas creating CHYLD with address 17460 I-35 N, Ste 430-327 Schertz, TX 78154 on December 15, 2016. A review of DFAS records

contained SF 1080s from CHYLD using 17460 I-35 N, Ste 430-327 Schertz, TX 78154 on the first

SF 1080 submitted on December 13, 2016. CHYLD's address was updated on March 7, 2019, to

20770 Hwy 281 N Suite 108-421 San Antonio, TX 78258.  Through surveillance of 17460 I-35 N,

Ste 430-327 Schertz, TX 78154 and 20770 Hwy N 281 N Suite 108-421, San Antonio, TX 78258

it was discovered both addresses are for UPS Stores that offer mailbox services to individuals and

businesses. Based on my investigation, there is no evidence CHYLD has a physical address out of

which it operates.

According to DFAS, the normal process for the distribution of funds requires MELLO's

supervisor to submit a memo to DFAS indicating an entity, e.g. CHYLD, is approved to receive

grant funds and lists the source of those funds. On all of the memos submitted by MELLO's

supervisor wherein CHYLD was listed as the recipient of the funds, MELLO was listed as the

person to whom DFAS should direct any questions about payment authorization. Additionally,

each of the CHYLD memos directed payment to be made by check and shipped to CHYLD via

FedEx to one of the two addresses associated with CHYLD referenced above. Specific examples

of these memos are included below.

According to DFAS records, Memo 17-170 included a payment request of $983,483.68.00

be made via check and that the check be mailed via FEDEX to CHYLD at 17-460 I-35, N Suite

430-327 Schertz, Texas 78154. The memo was dated January 17, 2017, and included MELLO as

the point of contact. Attached to Memo 17-170 was an email sent on November 30, 2016, at 4:02

PM   from   KLJones@satxnifa.usda.gov   to   MELLO   via   her   military   email   address,

(janet.p.yamanka.naf@mail.mil),   with   subject   title   "RE:   [non-DoD   Source]   2013-2014

agreements (UNCLASSIFIED)." The email signature indicated the email was sent by Kathy

Johnson and described Johnson as the Financial Analyst/Reimbursable Coordinator at CHYLD.

The signature block also listed Johnson's contact phone number as 210-532-7156. Based on the

investigation, Kathy Johnson, the phone number, and email address appear to be fake, as no phone number or email address returns to CHYLD or Kathy Johnson.  Memo 17-170 was processed and payment in the amount of $983,483.68.00 was submitted to CHYLD on or about January 19, 2017. The check was then deposited into a Wells Fargo account 5140573105 (3105), on January 23, 2017.

According to DFAS records, Memo 17-186 was submitted to DFAS on or about January 30, 2017. Attached to the memo, was an email with subject title "[Non-DoD Source] 2017 agreements (UNCLASSIFIED]", from Kathy Johnson, email address KLJones@satxnifa.usda.gov to MELLO via her military email address, (janet.p.yamanka.naf@mail.mil). The email signature for Kathy Johnson again described Johnson as the Financial Analyst/Reimbursable Coordinator at CHYLD with phone number 210-532-7156. In the email, Johnson requests "$900,000 be paid payable to the office below. Child, Health and Youth Lifelong Learning 17-460 I-35, N Suite 430-327 Schertz, Texas 78154." Memo 17-186 was processed, and payment in the amount of $900,000 was sent to CHYLD on or about February 1, 2017.

According to DFAS records, Memo 17-424 was submitted to DFAS on or about June 7, 2017. Attached to the memo was an email from email address MELLO using her military email address (janet.p.yamanaka.naf@mail.mil) replying to Jenny Henderson - Supervisory Voucher Examiner VE03 at email address (jenny.r.henderson.naf@mail.mil) with subject "RE: Memo 17-424 for USDA Army/4-H Military Partnership". The email included Henderson asking MELLO to whom the check should be written. MELLO replied stating, "It needs to be made out to Child Health and Youth lifelong Development". Memo 17-424 was processed and payment in the amount of $872,193.24 was sent to CHYLD on or about June 07, 2017.

**F. Recent Activity**

According to Texas Secretary of State records, MELLO registered a business using the name Child Health and Youth lifelong Learning (CHYLD), LLC (CHYLD, LLC), on June 04, 2023. MELLO listed 4051 Fossil Forrest, San Antonio, Texas, as the registered address for CHYLD, LLC and MELLO is listed as the Registered Agent. Agents conducting surveillance have confirmed that 4051 Fossil Forrest, San Antonio, Texas, is MELLO's primary residence.

According to DFAS record Memo 23-393 dated July 26, 2023, MELLO submitted the memo requesting check for $3,795,000.00 be made out to CHYLD, LLC and that the check be mailed out to CHYLD, LLC's at 20770 Hwy 281N Suite #108-421, San Antonio, TX 78258. MELLO is listed as the point of contact and MELLO signed Memo 23-393 certifying the funds requested were available.

The most recent payment request submitted to DFAS was dated August 14, 2023. This request included a memorandum with the subject "IB1 Funding Authorization for Military Youth Partnerships #23-416." The memorandum instructed, "Request a check be made in the amount of $4,403,876.00 to Child, Health and Youth Lifelong Learning from the Installation Management Command (IMCOM) MWR Fund (IB1). Please send FEDEX to Child, Health and Youth Lifelong Learning Development Office, 20770 Hwy 281N Suite #108-421, San Antonio, TX 78258." The point of contact listed in the memorandum was "CYS Financial Program Manager, Ms. Janet Yamanaka, (210) 466-1082; janet.p.yamanaka.naf@army.mil." The memorandum was digitally signed by the Chief, CYS, IMCOM, and MELLO digitally signed to certify funds were available for payment.

Agents confirmed MELLO is currently receiving official mail for CHYLD, LLC at 4051 Fossil Forrest, San Antonio, Texas. The records identified include:

a. Bank of America Tax Reporting correspondence addressed to "Child Health and Youth Lifelong Development".

b. Wells Fargo Bank, NA correspondence addressed to "CHYLD – Janet Mello".

c. Corporate Certificates correspondence addressed to "Child Health And YOUTH Lifelong Learning (chyld)".

Additionally, even though MELLO uses a UPS Store mailbox as the mailing address for CHYLD, businesses and individuals who utilize these mailboxes will normally retrieve their mail from their box and take the mail back to their business or to their home.

Knowing that MELLO filed as a managing member and the registered agent for CHILD, LLC and used 4051 Fossil Forrest, San Antonio, Texas, as the registered address for CHYLD, LLC, business records for CHYLD and CHYLD, LLC were believed to be stored at 4051 Fossil Forrest, San Antonio, Texas.

## G. How the Proceeds of Fraud were Spent

As noted above, MELLO reported only $483.00 in net profit in 2017 from CHYLD on her 2017 income tax return. Additionally, MELLO's salary from the Army from 2017 to 2022 (detailed below) did not exceed $126,996.00. As discussed more fully below, the assets that MELLO has been able to acquire have not been acquired using the funds that MELLO reported on her tax returns, but rather using the proceeds from her fraud.

| Tax Year | Form W2 Gross Wages |
|----------|---------------------|
| 2022 | $ 126,996.00 |
| 2021 | $ 125,634.00 |
| 2020 | $ 119,162.00 |
| 2019 | $ 121,718.00 |
| 2018 | $ 112,014.00 |
| 2017 | $ 107,460.00 |

In reviewing records for BOA 1289 for the period December 17, 2021, through May 31, 2023, Agent Nevarez observed that after proceeds of MELLO's fraud were deposited into BOA

1289, MELLO transferred funds to other accounts she controlled.  As detailed further below, the funds were then largely spent on jewelry, real estate, vehicles, luxury retail, and travel, all benefitting MELLO directly. The vehicles and real-estate properties acquired were placed in the name of MELLO and her husband Mark Mello (M. Mello). The expenditures for jewelry, real estate, vehicles, luxury retail, and travel are not normal expenditures for an entity providing child and youth development services.

| December 17, 2021 to May 31, 2023 | |
|---|---|
| **Category** | **Total** |
| Retailer | $     (24,316,738.18) |
| Jewelry | $     (10,912,440.67) |
| Real Estate | $      (8,358,394.68) |
| Vehicle | $      (1,782,454.96) |
| AirFair | $       (130,149.99) |
| Lodging | $        (80,432.46) |
| Grand Total | $     (42,948,116.00) |

## H. Respondent Bank Accounts

DFAS records reveal that CHYLD first requested payment on or about December 13 2016, and has received forty-three checks as of April 31, 2023, totaling $103,261,657.43. Bank records reviewed in this case indicate many of the checks paid to CHYLD by DFAS were deposited at Bank of America (BOA) Encino Park branch located at 20902 U.S. Hwy 281 N, San Antonio, TX 78258, which is located just across from the UPS Store referenced above on Highway 281. The funds were then often transferred to other banks, including Wells Fargo (WF) and USAA.

In reviewing subpoenaed bank records from BOA, Wells Fargo, USAA and records received from DFAS, agents have been able to trace funds distributed to CHYLD and CHYLD-LLC to various bank accounts controlled by MELLO and for which MELLO is an authorized signer, including MELLO is a signer on all ten of these bank accounts.

| Bank | Last 4 of Account | Account Holder |
|------|-------------------|----------------|
| BOA | 1289 | Janet P. Yamanaka dba CHYLD |
| BOA | 3292 | Janet P. Yamanaka dba CHYLD |
| BOA | 1060 | Janet P. Yamanaka dba CHYLD |
| BOA | 2364 | Janet P. Mello |
| BOA | 3911 | No. W. Cattle |
| WF | 3105 | Janet P. Yamanaka dba CHYLD |
| WF | 6702 | Janet P. Yamanaka dba CHYLD |
| WF | 7209 | Janet P. Mello |
| USAA | 7777 | Janet P. Mello |

**1. Respondent Bank of America Account 1289**

A deposit analysis of Bank of America Account 1289 was conducted from January 01, 2022, to April 30, 2023, to determine the sources of funds. Further details are provided in the charts below:

| CHILD - #1289 01/01/22 to 04/30/2023 | |
|---|---|
| Category | Deposits |
| Bank | $ 4,478.33 |
| DFAS | $ 61,832,374.57 |
| Retailer | $ 56,193.69 |
| Transfer | $ 1,732,223.52 |
| **Grand Total** | **$ 63,625,270.11** |



a.  The Bank deposits consist of six deposits from Bank of America for cash reward rebates and one ATM rebate refund totaling $4,478.33.

b.  The DFAS deposits reflect DFAS payments from January 2022 through April 2023, originating from the CYS programs, totaling $61,823,374.57 which were deposited into CHYLD Bank of America Account 1289. There were 15 DFAS checked deposited into account 1289. According to Bank of America, these checks were deposited in San Antonio, Texas Bank of America branches.

| Date | Payor | Check # | Deposit Item |
|---|---|---|---|
| 3/14/2022 | DFAS | 10001130 | $4,254,212.13 |
| 4/18/2022 | DFAS | 10001136 | $4,703,546.71 |
| 5/16/2022 | DFAS | 10001140 | $4,545,947.64 |
| 6/6/2022 | DFAS | 10001142 | $4,697,295.29 |
| 7/18/2022 | DFAS | 10001145 | $3,725,716.22 |
| 8/29/2022 | DFAS | 10001154 | $4,732,386.12 |
| 9/19/2022 | DFAS | 10001161 | $4,799,282.50 |
| 10/17/2022 | DFAS | 10001164 | $5,429,001.97 |
| 11/7/2022 | DFAS | 10001169 | $5,122,230.97 |
| 11/29/2022 | DFAS | 10001173 | $5,617,234.37 |
| 12/19/2022 | DFAS | 10001177 | $5,864,669.44 |
| 2/13/2023 | DFAS | 10001179 | $1,858,031.87 |
| 2/27/2023 | DFAS | 10001180 | $1,759,811.23 |
| 4/3/2023 | DFAS | 10001187 | $2,375,210.50 |
| 4/3/2023 | DFAS | 10001182 | $2,347,797.61 |
| Total | | | $61,832,374.57 |

c.  The retail deposits consist of deposits from retail stores. The credits appear to be from purchases that were returned to the retailer, generating a refund being credited to the account.

d.   The Transfers consist of the following:

| CHILD - #1289 Transfers 01/01/22 to 04/30/2023 | | |
| --- | --- | --- |
| Transfer Acco | Debit | Credits |
| BOFA - 3292 | $ (58,400,000.00) | $ 795,000.00 |
| BOFA - 2364 | $ (190,000.00) | $ 15,000.00 |
| BOFA - 3105 | $ (160,000.00) | |
| BOFA - 1060 | $ (44,000.00) | $ 910,000.00 |
| BOFA - 3911 | $ (2,500.00) | |
| Grand Total | $ (58,649,692.53) | $ 1,720,000.00 |



e.  Throughout the investigation of this case, no evidence or information has been located
    or obtained to show that CHYLD, has provided any service or work for CYS programs.
    There is no evidence beyond the memorandums and statement of work submitted that
    show that CHYLD is producing any work or service and/or work for CYS Military
    Youth Partnership programs.

f.  No legitimate income appears to be deposited into MELLO's controlled bank accounts.
    Valid income from MELLO's employment is deposited into MELLO's USAA bank
    account number 7777.

g.  On August 29, 2023, a federal seizure warrant was executed on Respondent Bank Account 1289.  The Respondent Bank Account contained $8,084,395.29 in United States currency.

## 2. Respondent Bank of America Account 3292

A deposit analysis of Respondent Bank of America Account 3292 was conducted from January 01, 2022, to May 31, 2023, to determine the sources of funds. Further details are provided in the charts below:

| Category | Credit (Deposits) | Debit (Withdrawals) |
|---|---|---|
| CHILD - #3292 01/01/22 to 04/30/2023 | | |
| Bank | $        1,037.89 | $          (3,904.09) |
| Retailer | | $   (24,009,943.78) |
| Transfer | $  58,954,000.00 | $   (19,759,000.00) |
| Grand Total | $  58,955,037.89 | $   (43,772,847.87) |

a.  The Bank deposit of $1,037.89 originates from reward points and rebates from Bank of America.

b.  The Retail withdrawals reflect purchases MELLO made using this account.

c.  The Transfers consist of the following:

| Transfer Account | Debits | Credits |
|---|---|---|
| CHILD - #3292 Transfers 01/01/22 to 04/30/2023 | | |
| BOFA - 1060 | $    (6,405,000.00) | $                 - |
| BOFA - 1289 | $       (795,000.00) | $ 58,400,000.00 |
| BOFA - 2364 | $    (9,474,000.00) | $      554,000.00 |
| BOFA - 3105 | $    (2,605,000.00) | $                 - |
| BOFA - 3911 | $         (30,000.00) | $                 - |
| SABLE - 6055 | $         (25,000.00) | $                 - |
| USAA - 7777 | $         (50,000.00) | $                 - |
| Grand Total | $  (20,569,000.00) | $ 58,954,000.00 |



1) Based on the charts above, 99% of funds deposited in Respondent Bank of America Account 3292 were sourced from the 15 checks from DFAS with funds originating from CYS programs that were deposited into Bank of America Account 1289.

    i. Based on subpoenaed records from Sable bank account 6055, the bank account is closed and there are not funds remaining in the financial institution.

    ii. Based on Subpoenaed records from USAA account 7777 reflect that this account is Mello's personal account that contains comingled funds from her employment.

d. On August 29, 2023, a federal seizure warrant was executed on Respondent Bank Account 3292.  The Respondent Bank Account contained $5,300,175.60 in United States currency.

**3. Respondent Bank of America Account 1060**

A deposit analysis of Respondent Bank of America Account 1060 was conducted from January 01, 2022, to May 30, 2023, to determine the sources of funds. Further details are provided in the charts below:

| CHILD - #1060 | |
| --- | --- |
| 01/01/22 to 04/30/2023 | |
| Category | Credit (Deposits) |
| Transfer | $ 6,649,000.00 |
| Grand Total | $ 6,649,000.00 |

a.  The Transfers consist of the following:

| CHILD - #1060 Transfers | | |
| --- | --- | --- |
| 01/01/22 to 04/30/2023 | | |
| Transfer Account | Debits | Credits |
| BOFA - 1289 | $ (910,000.00) | $ 44,000.00 |
| BOFA - 2364 | $ (667,000.00) | $ 250,000.00 |
| BOFA - 3292 | | $ 6,355,000.00 |
| WF - 3105 | $ (685,000.00) | |
| Grand Total | $ (2,262,000.00) | $ 6,649,000.00 |



b.  Based on the charts above, 100% of funds deposited in Respondent Bank of America
Account 1060 were sourced from the 15 checks from DFAS with funds originating
from CYS programs going into Respondent Bank of America Account 1289, that were
subsequently transferred out to Respondent Bank Accounts and redeposited into
account 1060.

18

c. On August 29, 2023, a federal seizure warrant was executed on Respondent Bank Account 1060. The Respondent Bank Account contained $4,078,017.38 in United States currency.

## 4. Respondent Bank of America Account 2364

Respondent Bank of America Account 2364 is MELLO's personal checking account. A deposit analysis of Respondent Bank of America Account 2364 was conducted from December 22, 2021, to April 18, 2023, to determine the sources of funds. Further details are provided in the charts below:

| MELLO - #2364 01/01/22 to 04/30/2023 | |
|---|---|
| Category | Credit (Deposits) |
| Bank | $          18.46 |
| Real Estate | $   1,031,481.40 |
| Retail | $      49,287.40 |
| Transfer | $ 10,331,000.00 |
| Vehicle | $     100,000.00 |
| **Grand Total** | **$ 11,511,787.26** |

a. The Real Estate credit deposited into account 2364 reflect proceeds from real-estate transactions. MELLO sold two properties 443 Mystic Parkway, Spring Branch, TX and 103 Ouray, Boerne, TX. Additionally, MELLO received gains from a condominium rented out by MELLO and County tax refunds. The properties were originally purchased with criminal proceeds.

b. The Bank deposit of $18.46 are reward point/rebates from Bank of America.

c. The Retail deposit reflects returns for item purchase with criminal proceeds using this account.

d. The Vehicle credit reflects the proceeds from the sale of a 2017 Mercedes Benz.

e. The Transfers consist of the following:

| MELLO - #2364 Transfers 01/01/22 to 04/30/2023 | | | | |
|---|---|---|---|---|
| **Transfer Account** | **Debits** | | **Credits** | |
| BOFA - 3292 | $ | (554,000.00) | $ | 9,474,000.00 |
| BOFA - 1060 | $ | (250,000.00) | $ | 667,000.00 |
| BOFA -1289 | $ | (15,000.00) | $ | 190,000.00 |
| **Grand Total** | $ | (819,000.00) | $ | 10,331,000.00 |



f.  Based on the charts above, **89%** of funds deposited in Respondent Bank of America Account 2364 were sourced from the 15 checks from DFAS with funds originating from CYS programs that were transferred between Respondent Bank Accounts, with the 11% remaining deposits coming from Bank of America reward points/rebates, retail returns and proceeds from the sale of property or vehicles originally purchased with illegal proceeds.

g.  On August 29, 2023, a federal seizure warrant was executed on Respondent Bank Account 2364.  The Respondent Bank Account contained $429,130.61 in United States currency.

### 5. Respondent Bank of America Account 3911

A deposit analysis of Respondent Bank of America Account 3911 in the name of No W Cattle was conducted from January 01, 2022, to April 30, 2023, to determine the sources of funds. MELLO and M. Mello have signature authority for account 3911. Further details are provided in the charts below.

20

| No W Cattle #3911 01/01/22 to 04/30/2023 | |
| --- | --- |
| **Category** | **Credit (Deposits)** |
| Check | $ 2,299.33 |
| Transfer | $ 32,500.00 |
| **Grand Total** | **$ 34,799.33** |

a.  Respondent Bank Account 3911 is business checking account and based on subpoenaed bank records, there proceeds of $2,299.33 is from Lockhart Auction Inc, no description is provided for the credit.

b.  The transfers consist of the following:

| No W Cattle - #3911 Transfers 01/01/22 to 04/30/2023 | | |
| --- | --- | --- |
| **Transfer Account** | **Debits** | **Credits** |
| BOFA - 3292 | $ - | $ 30,000.00 |
| BOFA - 1289 | $ - | $ 2,500.00 |
| **Grand Total** | **$ -** | **$ 32,500.00** |



c.  Based on the charts above, 93**%** of funds deposited in Bank of America Account 3911 were sourced from the 15 checks from DFAS with funds originating from CYS programs that were transferred between Respondent Bank Accounts, with the 7% remaining coming from Lockhart Auction Inc., an unknown source.

d.  On August 29, 2023, a federal seizure warrant was executed on Respondent Bank Account 3911.  The Respondent Bank Account contained $32,194.98 in United States currency.

**6.  Respondent Bank  Account 8775**

On June 3, 2023, MELLO opened Respondent Bank of America Account ending 8775. A deposit analysis of the Respondent Bank of America Account was conducted from June 3, 2023, to July 21, 2023, to determine the sources of funds. Further details are provided in the charts below:

| MELLO 06/03/23 to 07/21/23 | |
|---|---|
| Category | Credit (Deposits) |
| Bank | $                     10.30 |
| Transfer | $    20,000,000.00 |
| **Grand Total** | **$    20,000,010.30** |

a.  The Bank deposits amounts originate from interest, rewards, and rebates from Bank of America to MELLO.

| MELLO - 8775 Transfers 06/03/23 to 07/21/23 | | | |
|---|---|---|---|
| Transfer Account | Debit | | Credit |
| BOFA - 1060 | $        (5,000,000.00) | $        9,000,000.00 | |
| BOFA - 3292 | $        (5,800,000.00) | $        6,000,000.00 | |
| BOFA - 1289 | $        (9,000,000.00) | $        5,000,000.00 | |
| **Grand Total** | **$      (19,800,000.00)** | **$      20,000,000.00** | |



b. Based on the charts above, nearly 100**%** of funds deposited in Respondent Bank of America Account 8775 were sourced from CYS programs that were transferred between Respondent Bank Accounts. The less than 1% remaining deposits coming from Bank of America reward points/rebates are gains from the criminal proceeds.

c. On August 30, 2023, a federal seizure warrant was executed on Respondent Bank Account 8775. The Respondent Bank Account contained $209,892.67 in United States currency.

## **CONCLUSION**

Based on the facts presented, the United States asserts that the Respondent Bank Accounts represent proceeds which constitute or were derived from proceeds traceable under Title 18 U.S.C. § 1341 (Mail Fraud) and Title 18 U.S.C § 1956 and 1957 (Money Laundering).

## **V.**
## **PRAYER**

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Bank Accounts, that due notice pursuant to Rule G(4) be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] and in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed. R. Civ. P., that the Respondent Bank Accounts be forfeited to the United States of America, that the Respondent Bank Accounts be disposed of in accordance with the law and for any such further relief as this Honorable Court deems just and proper.

---

[1] Appendix A, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Bank Accounts.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

By: _____

ANTONIO FRANCO, JR.
Assistant United States Attorney
Asset Forfeiture Section
Texas Bar No. 00784077
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7040
Fax: (210) 384-7045
Email: Antonio.Franco@usdoj.gov

Attorneys for the United States of America

## **VERIFICATION**

Special Agent Erik Nevarez, declares and says that:

1.  I am a Special Agent with the United States Department of the Treasury, Internal Revenue Service Criminal Investigation (IRS-CI), Houston Field Office, and the investigator responsible for the accuracy of the information provided in this litigation; and

2.  I have read the above Verified Complaint for Forfeiture and know the contents thereof; that the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based on information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the _____27th_____ day of ___December_____ 2023.

Erik Nevarez, Special Agent
Internal Revenue Service
Criminal Investigations Division